UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Carleen Maynor<br>aka Carleen Greenidge<br>aka Carleen Greenidge-Maynor<br>Debtor<br><br>SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series F Trust<br>Movant<br><br>Carleen Maynor<br>aka Carleen Greenidge<br>aka Carleen Greenidge-Maynor<br>Jack N Zaharopoulos, Trustee<br>Respondents | Case No.: 5:19-bk-01701-MJC<br><br>Chapter: 13<br><br>Judge: Mark J. Conway<br><br>Hearing Date:<br>November 10, 2021 at 9:30 am<br><br>Objection Deadline:<br>October 28, 2021 |

## **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Bungalow Series F Trust (on behalf of itself and together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. §362(d)(1)-(2) vacating the automatic stay to permit Movant to enforce its mortgage on the Debtor's premises located at 47 Wyndham Drive, Cresco, PA 18326 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. The Petition under Chapter 13 of the United States Bankruptcy Code was filed by the Debtor on April 23, 2019.

2. Movant is the holder of a Note executed by the Debtor dated September 13, 2002, whereby the Debtor promised to repay $281,800.00 plus interest to Countrywide Home Loans, Inc. (the "Original Lender"). A copy of the Note is marked **Exhibit "A"** and attached hereto.

3. To secure the repayment of the Note, the Debtor executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc. encumbering the Property commonly known as 47 Wyndham Drive, Cresco, PA 18326, which Mortgage was recorded in the Official records of Monroe County at Book 2131, Page 5740 (hereinafter "Mortgage"). Other than liens with statutory priority, Movant's mortgage is in first lien position. A copy of the recorded Mortgage is marked **Exhibit "B"** and attached hereto.

4. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. A copy of the chain of Assignments of Mortgage are marked **Exhibit "C"** and attached hereto.

5. Debtor entered into a loan modification with prior servicer Seterus, Inc. effective March 1, 2017 that created a new principal balance of $621,752.39. A copy of the loan modification is marked **Exhibit "D"** and attached hereto

6. The Debtor has failed to make current mortgage payments due to Movant under the terms of the loan modification. As a result, the Mortgage remains post-petition due for January 1, 2021.

7. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

8. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due.

9. A copy of the Local Bankruptcy Form 4001-1 (the "Declaration"), outlining the post-petition default, is attached hereto as **Exhibit "E"**.

10. Under the loan modification, payments were due in the amount of $2,582.56/month, which included principal and interest in the amount of $1,687.66.

11. The following monthly payments are now past due:

| Monthly payments due | Amount |
|---|---|
| January 1, 2021 through October 1, 2021 (10 monthly payments of $2,582.56 each month) | $25,825.60 |
| Debtor's suspense | ($582.76) |
| Accrued Late Charges | $506.28 |
| NSF Fees | $90.00 |
| Filing Cost for Motion for Relief | $188.00 |
| Attorney's fees for Motion for Relief | $1,050.00 |
| TOTAL | $27,077.12 |

12. Prior Servicer filed a Proof of Claim (Claim 6-1) on June 28, 2019 that lists the total debt as $672,479.93 as of the bankruptcy filing date. The claim was subsequently transferred to Movant as evidenced by the Transfer of Claim filed on April 23, 2021.

13. The Debtor's Schedule D values the Property at approximately $350,000.00. A copy of the Debtor's Schedule D is attached hereto as **Exhibit "F"**.

14. Accordingly, relief from the automatic stay is warranted under 11 U.S.C. 362(d)(2) as the Debtor lacks any equity in the Property and, upon information and belief, the property does not appear necessary for effective reorganization.

15. Additionally, since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. §362(d)(1)-(2); and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: October 14, 2021

By: */s/ Lorraine Gazzara Doyle*
Lorraine Gazzara Doyle, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 230
Garden City, New York 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com